IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VINCENT AKAKPO and <br> RANATU-SMYTHE MACAULEY, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC BANK USA, N.A. et al., <br><br> Defendants. | \* <br> \* <br> \* <br> \* <br> \* Civil Action No. PX 16-1082 <br> \* <br> \* <br> \* |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' motion for extension of time to complete service of the summonses (ECF No. 4), Defendant Brock & Scott's motion to dismiss (ECF No. 8), and a separate motion to dismiss filed by the remaining Defendants HSBC Bank USA, N.A.; Ocwen Loan Servicing, LLC; Nomura Credit and Capital, Inc.; Nomura Holdings, Inc.; and Federal Home Loan Mortgage Corporation ("Freddie Mac") (ECF No. 18). Based on the plain language of Rule 4(m) of the Federal Rules of Civil Procedure and this Circuit's precedent, the Court will grant both motions to dismiss without prejudice. Additionally, the Court will deny Plaintiffs' motion for extension of time pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.

Plaintiffs Vincent Akakpo and Ranatu-Smythe Macauley filed their Complaint on April 12, 2016, alleging various fraud-related claims against the Defendants in connection with the initiation of a foreclosure action against Plaintiffs' property located in Upper Marlboro, Maryland. ECF No. 1. The next day, the Court was notified that Plaintiffs had only presented the Clerk with four of the six necessary summonses for signature and seal. *See* ECF No. 2. On May 2, 2016, the Court issued an Order directing Plaintiffs to complete the two additional summonses

and promptly return them to the Clerk. *Id.* at 2. The Order also expressly warned Plaintiffs that "failure to comply with this order and effect service of process *within 90 days* of initiating this lawsuit could result in the dismissal of the complaint without prejudice." *Id.* (emphasis added). All six summonses were returned to Plaintiffs for service on May 11, 2016. ECF No. 3.

On August 4, 2016, 114 days after filing their complaint, Plaintiffs filed an "Emergency Motion for Extension of Time to Complete Service of Summons." ECF No. 4. In it, Plaintiffs explain that they misunderstood the Court's local rules for executing service of process, mistakenly believing that time for executing service of process begins to run only after the Clerk issues the summons to Plaintiffs. Plaintiffs requested fourteen additional days to effect service on the Defendants. Plaintiffs also executed service upon Freddie Mac, HSBC Bank, and Brock & Scott 113 days after the filing of their complaint. To date, Plaintiffs have not filed an affidavit of service as to Ocwen Loan Servicing and the Nomura entities.

Defendant Brock & Scott then filed its motion to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Brock & Scott was not served within 90 days of the filing of the complaint as Rule 4(m) requires. *See* ECF Nos. 8 & 10. On September 16, 2016, the remaining Defendants filed a separate motion to dismiss in part pursuant to Rule 4(m) for untimely service on HSBC and Freddie Mac 113 days after filing the complaint, and for failure to serve Ocwen Loan Servicing and the Nomura Entities. *See* ECF No. 18-1 at 4 n.3.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If the defendants have not been served within this time frame, "the court . . . *must* dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"Good cause" generally requires the Plaintiffs to demonstrate that they exercised "reasonable diligence in trying to effect service." *Jones v. Sears and Roebuck*, No. DKC-15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Circumstances amounting to good cause may be "where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where plaintiff was unaware of the defect in service until after the deadline expired." *Id.* (citing *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)). "The common thread amongst all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule." *Tenenbaum v. PNC Bank Nat. Ass'n*, No. DKC 10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (citing *Burns & Russell Co. of Baltimore v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001)).

"[I]nadvertence or neglect of counsel," however, will not suffice to satisfy the standard of "good cause." *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77 (D. Md. 1995). Moreover, "'[p]ro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.'" *Tann v. Fisher*, 276 F.R.D. 190, 193 (D. Md. 2011) (quoting *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010)).

On March 6, 2017, the Court issued an Order to Plaintiffs directing them to show good cause for their failure to effect timely service. *See* ECF No. 26. Plaintiffs attempted to respond, but the pleading was rejected because it did not include an original signature as required by this Court's Local Rules. *See* ECF No. 27. Nonetheless, the Court notes that Plaintiffs principally contend that good cause exists because the statute of limitations may bar refiling of the claims.

The Court will address this argument and Plaintiff's arguments raised in response to Defendants' motions to dismiss.

At bottom, the only justification Plaintiffs offer for failing to effect timely service is their misunderstanding of the Court's Local Rules and the Court's instructions to *pro se* litigants. Their motion for extension of time, notably filed twenty-three days after the time for serving the Defendants expired, states that "Plaintiffs misapprehended the Court's local procedure as explained by the Clerk with regard to the issuance of summonses in *pro se* cases." ECF No. 4 at 1. Maryland Local Rule 103.2(d) states:

> To ensure a summons is "properly completed" under Fed. R. Civ. P. 4(b), the Clerk shall not issue a summons to any self-represented litigant without first obtaining an order from the Court authorizing issuance of the summons.

In their response to Brock & Scott's motion to dismiss, Plaintiffs also argue that the guidance provided by this Court suggests that prior to the filing of a complaint by a *pro se* litigant, the Court would review the complaint and approve it before the complaint would be accepted for filing. ECF No. 16 at 2–6. Plaintiffs cite the following instruction:

> Once a case is opened, it is sent to the assigned judge for his or her review. The judge will look at any motions filed with the complaint and frequently will look at the complaint to see if it contains all the necessary information. A judge may require you to supplement your complaint with additional information.

ECF No. 16 at 4.

Neither the Local Rule nor the Court's guidance to *pro se* litigants suggests that the time for effecting service somehow depends on the Court issuing the summonses. Furthermore, while the Court's *pro se* guidance states that the assigned judge will review the complaint for sufficiency, it does not state that the judge must approve the complaint before it is filed.

Most critically, however, Plaintiffs received the benefit of this Court's directive in its May 2nd Order, cautioning Plaintiffs that "failure to comply with this order and effect service of

process within 90 days of *initiating this lawsuit* could result in the dismissal of the complaint without prejudice." ECF No. 2 at 2 (emphasis added). Plaintiffs filed their complaint on April 12, 2016. The Court's Order made plain the deadline for service and the consequences for failing to abide by this rule. Even though Plaintiffs are proceeding *pro se*, and the Court certainly considers that as a factor, procedural rules in ordinary civil litigation must not be interpreted so as to "excuse mistakes by those who proceed without counsel.'" *Scott v. Maryland State Dep't of Labor*, No. 15-1617, 2016 WL 7378091, at *5 (4th Cir. Dec. 20, 2016) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). As to the three defendants who were never served, Plaintiffs offer nothing by way of explanation.

Plaintiffs' alternative argument—that the potential limitations bar to refiling itself amounts to good cause—is equally unavailing. To be sure, this Court remains mindful of the "sound public policy of deciding cases on their merits," which, at times, requires forgiving a procedural error rather than imposing the harsh sanction of prejudicial dismissal. *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989) (internal quotation marks omitted). Here, however, the lions' share of Plaintiffs' claims were time-barred when Complaint was first filed. Dismissal Rule 4(m) grounds, therefore, visits no prejudice to Plaintiffs in this regard.

Specifically, Plaintiffs allege eight causes of action (1) False Representations/Conspiracy; (2) Fraudulent Concealment; (3) Negligence; (4) Civil Conspiracy; (5) Violation of the Maryland Consumer Debt Collection Act (MCDCA); (6) Violation of the Maryland Consumer Protection Act (MCPA); (7) Violation of the Real Estate Procedures Act (RESPA); and (8) Violation of the Fair Debt Collection Practices Act (FDCPA). Plaintiffs' fraud, negligence, MCDCA, MCPA and RESPA claims are governed by a three-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101; *Branch v. Bank of Am., N.A.*, No. PWG-11-3712, 2013 WL 6815903, at *2

(D. Md. Dec. 19, 2013) ("Under Maryland law, the statute of limitations for . . . fraud claims is three years unless otherwise specified." (internal citations omitted)); *F.D.I.C. v. Arthur*, No. RDB-14-604, 2015 WL 898065, at *2 (D. Md. Mar. 2, 2015) ("[T]ort actions are subject to a three year statute of limitations."); *Fontell v. Hassett*, 870 F. Supp. 2d 395, 415 (D. Md. 2012) ("The statute of limitations under both the MCDCA and the MCPA is three years."); 12 U.S.C. § 2614 (three-year statute of limitations for RESPA claims brought under 12 U.S.C. § 2605).

According to the complaint, these causes of action arose from **2006** alleged fraudulent transfer of Plaintiffs' loan from HSBC to Freddie Mac, Plaintiffs' **2011** failed attempts to secure a loan modification agreement from Ocwen Loan Servicing, and the allegedly fraudulent documents submitted in the state foreclosure proceeding by Ocwen Loan Servicing and Brock & Scott on or after **October 23, 2014**. Claims arising from the 2006 and 2011 activities are clearly time-barred as of the filing of Plaintiff's complaint on April 12, 2016. By contrast, limitations does not appear to have expired on allegations stemming from the 2014 conduct. To the extent those claims are cognizable, Plaintiffs have seven additional months to refile before limitations expires.

With regard to Plaintiffs' FDCPA claim arising from the 2014 foreclosure action, that claim must be brought "within one year from the date on which the violation occurs," 15 U.S.C. § 1692k(d). Consequently, this claim was already time-barred when Plaintiffs filed the Complaint. *See* Complaint, ECF No. 1 at 23–25. Nor does the doctrine of equitable tolling appear to save this claim. "[E]quitable tolling is available only in those rare instances when—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling can extend limitations for allegations of fraudulent concealment where the plaintiff can prove that the wrongdoer concealed facts that are the basis of the fraud claim and plaintiff failed to discovery those facts despite the exercise of due diligence. *Ward v. Branch Banking & Trust Co.*, No. ELH-13-01968, 2014 WL 2707768, at *12 (D. Md. June 13, 2014) (quoting *Roach v. Option One Mortgage Corp.*, 598 F. Supp. 2d 741, 751–52 (E.D. Va. 2009) (internal quotation marks and alteration omitted), *aff'd*, 332 F. App'x 113 (4th Cir. 2009)).

Here, even though Plaintiffs specifically invoke the equitable tolling doctrine in their complaint, they aver no facts that they ever made any effort between 2006 and 2016 to discover the true owner of their loan. This appears so even though Plaintiffs knew that Ocwen began servicing their loan in 2011, ECF No. 1 at 10, and Brock & Scott ultimately initiated the foreclosure action in October 2014 on behalf of HSBC, *see* Foreclosure Docket, ECF No. 18-8.

Finally, it bears noting that Rule 4(m) requires dismissal without prejudice for failure to comply with service requirements even if the claims may face future limitations barriers. *See Mendez v. Elliott*, 45 F.3d 75, 79 (4th Cir. 1995) (Rule 4(m) does not allow plaintiff "the right to refile without the consequences of time defenses, such as the statute of limitations"). *See also Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 295 (D. Md. 2013) (rejecting possible limitations bar as sufficient to establish good cause), *aff'd Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013), *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 78 (D. Md. 1995) (considerations of whether dismissal under 4(m) may "deprive the plaintiff of any remedy because the statute of limitations has run . . . bear not at all one the existence *vel non* of 'good cause' for failure to make diligent efforts to comply with Rule 4(m); at most they represent diverse equitable considerations for not dismissing an action."). Because Plaintiffs have demonstrated no good cause for their failure to serve

7

Defendants timely under Rule 4(m), Defendants motion to dismiss is granted without prejudice to refile.

The Court will also deny Plaintiffs' Motion for Extension of Time to Complete Service of Process. *See* ECF No. 4. Rule 6(b) allows the court to extend the period for service if either "the request is made, before the original time or its extension expires;" or "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). *See also Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995) (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extend service before the expiration of the 120–day period.").

Here, Plaintiff's request to extend the time to serve the complaint was itself untimely. Thus, Plaintiff must establish that the failure to file a timely motion for extension was the result of excusable neglect which "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (analyzing the term "excusable neglect" in the context of Fed. R. Civ. P. 4(a)). The Supreme Court articulated the standard for "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, identifying four factors for courts to consider, including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); *see also Thompson*, 76 F.3d at 533. "The most important factor considered by a court is the reason for the delay." *Rothenberg v. Marriott Int'l, Inc.*, No. CCB-08-173, 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citing *Thompson*, 76 F.3d at 534); *see also United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (noting that "the

*Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import") (internal citation and quotation marks omitted).

The only reason that Plaintiffs provide to extend the time to serve is that they erroneously believed the 90-day service period for the complaint began from the clerk's "acceptance of the complaint" as evidenced by the issuance of the summonses on May 11, 2016. ECF No. 4. Notably, however, the Court on May 2, 2016 had already expressly warned Plaintiff that "failure to comply with its order and effect service of process within 90 days of *initiating this lawsuit* could result in the dismissal of the complaint without prejudice." *Id.* Accordingly, Plaintiffs purported misunderstanding of the timing requirements does not square with the Court's express warning to the contrary. This Court simply cannot find Plaintiffs' neglect excusable. The motion to extend the time to serve is thus denied.

A separate order will follow.

| | |
|---|---|
| _3/20/2017_ | _/S/_ |
| Date | Paula Xinis |
| | United States District Judge |